# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**ESTATE OF ZOUHAIR EL HALABI,** *et al.,*

      **Plaintiffs,**

    **v.**                                     **Case No. 22-cv-3190 (CRC)**

**THE ISLAMIC REPUBLIC OF IRAN,** *et al.,*

      **Defendants.**

## PLAINTIFFS' MOTION FOR THE ADOPTION OF AN ADMINISTRATIVE PLAN AND FOR THE APPOINTMENT OF SPECIAL MASTERS

On May 29, 2024, Counsel for the Plaintiffs appeared before this Court for a status hearing. The Court indicated that it is still evaluating the pending Motion for Default Judgment on Liability, ECF No. 21, but will permit Plaintiffs to file motions for appointment of special masters in the meantime. In light of the Court's permission, and pursuant to 28 U.S.C. § 1605A(e) and Fed. R. Civ. P. 53, the Plaintiffs represented by Fox McKenna PLLC[1] file this Motion for Adoption of Administrative Plan to Govern Special Masters' Proceedings and for the Appointment of Special Masters to assess damages in this case.

## I.    PROPOSED ADMINISTRATIVE PLAN

Plaintiffs respectfully propose the following Administrative Plan to govern all proceedings regarding determination of relevant facts by the Special Masters:

---

[1] Fox McKenna PLLC represents the following twenty-eight (28) plaintiffs in this matter: Ferial Harbi, Estate of Zouhair el Halabi, Estate of Yessra el Halabi, Sadica Allouche, Hoda Ammar, Rima Bouchaaya, Billal el Halabi, Marwan el Halabi, Mohamad S. Halabi, Estate of Najem Hassan, Khaled Hassan, Khodor Hassan, Lamia Hassan, Manal Hassan, Manja Hassan, Mona Hassan, Estate of Noura Ibrahim, Radwan Hassan, Rania Hassan, Saada Hassan, Sabah Hassan, Sawsan Hassan, Estate of Samira Ghadar, Ali H. Makki, Zeina Makki, Hussein Makki, Mirna Makki, and Estate of Hassan Makki.

1.      Given the large number of plaintiffs in this case, and the impending July 1, 2024 deadline for new applications to the USVSST, *see* Status Report Regarding Victims of State Sponsored Terrorism Fund Deadline, ECF No. 33, the appointment of additional special masters is appropriate to ensure the timely submission of damages reports.

2.      If appointed, each special master shall be appointed to assess damages for a single family. Each family includes one direct victim, or the direct victim's estate, and his family members, or their estates, who seek damages for solatium and/or intentional infliction of emotional distress. Plaintiffs propose the following assignment of plaintiffs:

    a.  If appointed, Deborah Greenspan, Esq., shall be responsible for assessing damages for the El Halabi family Plaintiffs.[2]

    b.  If appointed, Stephen Saltzbug, Esq., shall be responsible for assessing damages for the Hassan family Plaintiffs.[3]

    c.  If appointed, Michael J. Borden, Esq., shall be responsible for assessing damages for the Makki family Plaintiffs.[4]

3.      Attached as exhibits to this Motion are the curriculum vitae of each proposed special master, as well as a signed declaration from each proposed special master attesting that they do not have a disqualifying relationship under 28 U.S.C. § 455, in accordance with Fed. R. Civ. P. 53(a)(2).  *See* Exhibits A (CV and Declaration of Deborah Greenspan), Exhibit B (CV and Declaration of Stephen Saltzburg) and Exhibit C (CV and Declaration of Michael J. Borden).

4.      Federal Rule of Civil Procedure 53(g) instructs the Court to "determine the master's fees based on the conditions and manner specified in the appointment order" and requires that these

---

[2] The El Halabi family plaintiffs include Ferial Harbi, Estate of Zouhair el Halabi, Estate of Yessra el Halabi, Sadica Allouche, Hoda Ammar, Rima Bouchaaya, Billal el Halabi, Marwan el Halabi, Mohamad S. Halabi.
[3] The Hassan family plaintiffs include the Estate of Najem Hassan, Khaled Hassan, Khodor Hassan, Lamia Hassan, Manal Hassan, Manja Hassan, Mona Hassan, Estate of Noura Ibrahim, Radwan Hassan, Rania Hassan, Saada Hassan, Sabah Hassan, and Sawsan Hassan.
[4] The Makki family plaintiffs include the Estate of Samira Ghadar, Ali H. Makki, Zeina Makki, Hussein Makki, Mirna Makki, and the Estate of Hassan Makki.

fees be paid either by the parties involved or "from a fund or subject matter under the court's jurisdiction." The Foreign Sovereign Immunities Act identifies a payment source. In particular, 28 U.S.C. § 1605A(e)(2) states:

> The Attorney General must allocate, from the funds designated for the program under section 1404C of the Victims of Crime Act of 1984 (42 U.S.C. § 10603c [revised to 34 U.S.C. § 20106(b)]), to the Administrator of the United States district court where any relevant case is active, which was initiated or pursued under this section, sufficient funds to support the expenses of special masters appointed under paragraph (1).

Furthermore, 34 U.S.C. § 20106(b) specifies that the Director of the Office for Victims of Crime "may utilize the emergency reserve as mentioned in section 20101(d)(5)(A) of this title to finance a program compensating victims of international terrorism acts occurring outside the United States for costs linked to such acts."

The plaintiffs propose that the Special Masters receive compensation at an hourly rate set forth by the *Laffey* Matrix. The *Laffey* Matrix is commonly used in this and other federal courts to determine reasonable hourly rates for attorney fees in complex federal litigation, as evidenced in cases like *Save Our Cumberland Mountains v. Hodel*, 857 F.2d 1516, 1525 (D.C. Cir. 1988); *Covington v. District of Columbia*, 57 F.3d 1101, 1109 (D.C. Cir. 1995); and *DL v. D.C.*, 924 F.3d 585 (D.C. Cir. 2019). This Court recently authorized payment of Special Masters according to the *Laffey* Matrix in *Fishbeck v. Islamic Republic of Iran*, Case No. 1:18-cv-02248-CRC, ECF No. 145. If the Court determines that a reduction be applied to the *Laffey* Matrix rate, Plaintiffs request that special masters receive no less than 50 percent of the current *Laffey* Matrix rate.

In similar terrorism-related cases, judges in this District have approved half-day rates for special masters. For example, Judge Lamberth recently approved a rate of $600 for a half-day (up to four hours) and $1,200 for a full day (four to eight hours) for a special master in *Stearns v. Iran,* 17-cv-131 (RCL), ECF No. 52. However, there is no legal requirement for a specific compensation rate or method for special masters under Section 1605(A)(e), and therefore an

hourly rate is equitable and appropriate under the circumstances.

Plaintiffs propose that payment procedures for the Special Masters' fees be set as follows: within 30 days after a Special Master submits a damages report related to an incident, the Special Master should provide a detailed statement to the plaintiffs' attorney showing the time spent and work performed related to that report. The statement should also include a total fee request. Within two weeks of receiving any such statement, the plaintiffs will motion the Court to direct the Clerk to facilitate payment in coordination with the Office for Victims of Crime.

5.    The Special Masters appointed under this Plan shall consider all issues relating to liability and compensatory damages as put forward by Plaintiffs. Each special master shall be guided as to the admissibility of evidence by the Federal Rules of Evidence, although he or she shall not require that documents be qualified as genuine under Rule 901. Authentication may be made by counsel's representation that a proffered document is genuine and is an accurate copy of what counsel proffers it to be. *See Sheikh v. Republic of Sudan*, No. 14-cv-2090 (JDB), Order Adopting Administrative Plan, ECF No. 44 (D.D.C. Aug. 29, 2019).

6.    The Special Masters shall be guided in reviewing and evaluating claims by the provisions of 28 U.S.C. § 1605A, and by opinions of this Court and the U.S. Court of Appeals for the District of Columbia Circuit in other litigation arising from the 1983 and 1984 terrorist attacks on the U.S. Embassy in Beirut, Lebanon. Such precedents include, but are not limited to, *Dammarell v. Islamic Republic of Iran*,  281 F. Supp. 2d 105 (D.D.C. 2003); *Dammarell v. Islamic Republic of Iran*, 404 F. Supp. 2d 261 (D.D.C.  2005), *Salazar v. Islamic Republic of Iran*, 370 F. Supp. 2d 105 (D.D.C. 2005); *Estate of Doe v. Islamic  Republic of Iran*, 808 F. Supp. 2d 1 (D.D.C. 2011), *Rita Bathiard v. Islamic Republic of Iran,* Case No. 16-cv-1549 (CRC), (D.D.C. 2020) ("*Bathiard I*") 2020 WL 1975672 and *Estate of Rene Bathiard v. Islamic Republic*

*of Iran,* Case No. 17-cv-2006 (CRC), (D.D.C. 2020) ("*Bathiard II*"),  2020 WL 1975672.

7.    The Special Masters shall have all of the powers set forth in Rule 53(c), Federal Rules of Civil Procedure, including, but not limited to, the powers to compel production of evidence and  to administer oaths. The deposition testimony and affidavits of the twenty-eight Plaintiffs represented by Fox McKenna PLLC are already complete, and all document evidence has been collected and is readily available for review by the special masters.

8.     The Special Masters may communicate *ex parte* with the Court, or with counsel for Plaintiffs, to the extent that he or she determines that to do so is reasonable and will aid in the efficient and economical execution of his or her duties. Counsel for Plaintiffs may communicate with the Special Master *ex parte*, subject to the same limitations.

9.    Plaintiffs shall complete their submission of evidence to the Special Masters no later than 14 days after the Court approves this Administrative Plan.

10.    The Special Masters shall each submit their Report and Recommendation to the Court, containing findings of fact and conclusions of law, within 30 days of the date on which Plaintiffs' counsel inform him or her that their submissions are complete.

## II.    PROPOSED SPECIAL MASTERS

Plaintiffs propose that the Court appoint the following individuals to act as Special Masters as provided in the proposed Administrative Plan. Undersigned counsel has spoken with each of the proposed individuals below and all have agreed to accept this assignment. Each of these individuals has served as special master in other cases before this Court arising under 28 U.S.C. §1605A.

### A.  Deborah Greenspan

Ms. Greenspan is applying to this Court for service as a special master and under this plan submits her curriculum vitae for inspection by the Court, attached here as Exhibit A. She is not related to any party or counsel appearing in this action, nor does she have any financial or

other interest that would create a conflict of interest. Plaintiffs have obtained her agreement to act in the capacity of Special Master should the court approve her appointment.

Ms. Greenspan is licensed to practice law in the District of Columbia and the State of Michigan. She has been admitted to practice in the following federal courts: U.S. Supreme Court, U.S. Court of Appeals for the District of Columbia Circuit, U.S. Court of Appeals for the Sixth Circuit; U.S. District Court for the District of Columbia; U.S. District Court for the Eastern District of Michigan; and the U.S. District Court for the Southern District of West Virginia (*pro hac*).

Ms. Greenspan has been engaged in private practice in various Washington, D.C. law firms since 1985. She has been appointed to serve as a Special Master or Deputy Special Master in several matters involving claims of injury or death resulting from terrorist attacks. *See* Exhibit A. Ms. Greenspan has been appointed to serve as special master in several similar cases before this Court, *see Amduso v. Republic of Sudan,* 08-cv-1361 (JDB); *Wamai v. Republic of Sudan,* 08-cv-01349 (JDB), *Kinyua, et al., v. Republic of Sudan*, et al., 14-cv-02118 (JDB), and her familiarity with the factual and procedural history of these claims renders her appointment as special master appropriate in this case.

## B. Stephen Saltzburg

Mr. Saltzburg is applying to this Court for service as a special master and under this plan submits his curriculum vitae for inspection by the Court, attached here as Exhibit B. He is not related to any party or counsel appearing in this action, nor does he have any financial or other interest that would create a conflict of interest. Plaintiffs have obtained his agreement to act in the capacity of special Master should the court approve his appointment.

Mr. Saltzburg is licensed to practice law in the District of Columbia, the State of California, and the Commonwealth of Virginia. Mr. Salzburg is a mediator with the U.S. Court of Appeals for the D.C. Circuit and is a professor at The George Washington University Law School. Mr. Saltzburg has been appointed to serve as special master in several similar cases before this Court, *see Lee v. Islamic Republic of Iran,* 19-cv-00830 (APM); *Wamai v. Republic of Sudan,* Case No. 08-cv-01349 (JDB); *Amduso v. Republic of Sudan*, Case No. 08-cv-01361 (JDB) (D.D.C. 2008); *Chogo v. Republic of Sudan*, Case No.15-cv-00951 (JDB) (D.D.C. 2015), and *Stearns v. Islamic Republic of Iran,* Case No. 17-cv-131 (RCL), and his familiarity with the factual and procedural history of these claims renders his appointment as special master appropriate in this case.

### C.  Michael J. Borden

Mr. Borden  is applying to this Court for service as a special master and under this plan submits his curriculum vitae for inspection by the Court, attached here as Exhibit C. He is not related to any party or counsel appearing in this action, nor does he have any financial or other interest that would create a conflict of interest. Plaintiffs have obtained his agreement to act in the capacity of special Master should the court approve his appointment.

Mr. Borden has been a Professor at Cleveland-Marshall College of Law at Cleveland State University since 2004 and is currently Professor of Law Emeritus. He  is licensed to practice law in the State of Ohio.

Mr. Borden currently serves as a Special Master in *Fishbeck v. Islamic Republic of Iran,* Case No. 18-cv-02248, which is pending before this Court. He also currently serves as Assistant to U.S. District Judge Dan A. Polster and Counsel to Special Master David R. Cohen in *In re:*

*National Prescription Opiate Litigation,* MDL 2804, in the Northern District of Ohio. *See* Exhibit C.

### III.    CONCLUSION

Plaintiffs respectfully move this Court for an  order appointing three Special Masters—Deborah Greenspan, Esq., Stephen Saltzburg, Esq.,  and Michael J. Borden, Esq.—to assist the Court, pursuant to the Administrative Plan proposed here, with the determination of damages for the El Halabi, Hassan, and Makki family plaintiffs represented by Fox McKenna PLLC.

**Dated: June 21, 2024**                              **Respectfully submitted,**

/s/ Amanda Fox Perry_____
Amanda Fox Perry (Bar No. 230024)
FOX MCKENNA PLLC
14 Ridge Square NW, Third Floor
Washington, DC 20016
(202) 852-2000
amanda@foxmckenna.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Motion for Adoption of Administrative Plan to Govern Special Masters' Proceedings and for the Appointment of Special Masters is being filed via ECF on Caragh Fay and Molly Wolfe, counsel for the Fay Law Group plaintiffs. Defendants in this action could not be sent a copy of the Notice of Electronic Filing as they have not yet entered an appearance and appear not to have acknowledged other efforts to contact them in this case.

/s/ Amanda Fox Perry_____