# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**ESTATE OF ZOUHAIR EL HALABI,** *et al.,*

    **Plaintiffs,**

    v.                                                                              Civil No. 22-3190 (CRC)

**THE ISLAMIC REPUBLIC OF IRAN,** *et al.,*

    **Defendants.**

### PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND MEMORANDUM IN SUPPORT THEREOF

Pursuant to Fed. R. Civ. P. 15(a), Plaintiffs hereby move the Court for leave to file a Second Amended Complaint to include a claim for the wrongful death of Plaintiff Zouhair el Halabi. Plaintiffs' original Amended Complaint was filed on February 14, 2023. On June 13, 2024, pursuant to the Court's Minute Order of May 30, 2024, Plaintiffs filed a Corrected Amended Complaint. Following that submission, this Court severed the "Fay Law Group Plaintiffs" from this action. Plaintiffs' Second Amended Complaint, attached here, therefore removes the Fay Law Group Plaintiffs. In all other respects, Plaintiffs' Second Amended Complaint, attached here as Exhibit 1, is identical to the Corrected Amended Complaint.

Plaintiffs respectfully request the Court grant leave to file a Second Amended Complaint to include a claim for wrongful death for the Estate of Zouhair el Halabi and in support thereof state the following:

1. Pursuant to Fed. R .Civ. P. 15(a)(2), Plaintiffs must seek consent from the Defendant or obtain leave of court to file an amended complaint, as the time to amend as a matter of right has passed.

2. Defendants in this action could not be sent a copy of Plaintiffs' Motion for Leave to File a Second Amended Complaint as they have not yet entered an appearance and appear to not have acknowledged other efforts to contact them in this case or other cases with similar claims. Therefore, their consent or opposition to this Motion could not be obtained.

3. In such situations where Defendants have not responded, the Court should "freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2).

4. Leave to amend should be granted in the absence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L.Ed.2d 222 (1962).

5. Plaintiffs inadvertently omitted the wrongful death claim for the Estate of Zouhair el Halabi in previous submissions to this Court. Plaintiffs contend that their delay is not undue, however, as the proposed amendment does not prejudice the Defendants. "Consideration of whether delay is undue…should generally take into account the actions of other parties and the possibility of any resulting prejudice." *Atchinson v. District of Columbia*, 73 F. 3d 418, 426 (D.C. Cir. 1996).

6. To establish prejudice from a proposed amended pleading, an "opposing party must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments been timely." *In re Vitamins Antitrust Litig.*, 217 F.R.D. 30, 32 (D.D.C. 2003). Furthermore, "an amendment would be unduly prejudicial if it 'substantially changes the theory on which the case has been

proceeding and is proposed late enough so that the opponent would be required to engage in significant new preparation'; it would 'put [the opponent] to added expense and the burden of a more complicated and lengthy trial'; or it raises 'issues…[that] are remote from the other issues in the case'." *United States ex rel. Scott v. Pacific Architects and Engineers (PAE), Inc.*, 327 F.R.D. 17, 20 (quoting *Djourabchi v. Self*, 240 F.R.D. 5, 13 (D.D.C. 2006). Plaintiffs seek leave to include an additional form of relief (wrongful death), not to add new factual allegations that would impose any additional burden on the Defendants. The original Complaint put Defendants on notice of Plaintiffs' claims, even without the specific delineation of "wrongful death" damages. For the foregoing reasons, Plaintiffs contend that the proposed Second Amended Complaint need not be served on Defendants in accordance with 28 U.S.C. §1608.

7. Lastly, Plaintiffs' requested amendment is not futile. "When a plaintiff fails to establish the facts or circumstances to make a claim in seeking to amend a pleading, amendment is futile and the court acts within its discretion to refuse amendment." *Ambellu v. Re'ese Adbarat Debre Selam Kidist Mariam*, 403 F. Supp. 3d 72, (D.C.2019). The form of relief Plaintiffs seek to include by amendment – a claim of wrongful death – is supported by the evidence submitted to this Court. This very evidence formed the basis of Special Master Deborah Greenspan's Report and Recommendation on behalf of the Estate of Zouhair el Halabi and his direct family members. ECF No. 51.

8. The proposed Second Amended Complaint need not be served on Defendants in accordance with 28 U.S.C. § 1608. Defendants have never appeared or responded in this case. "Where a plaintiff serves a complaint on a foreign state defendant under the Foreign Sovereign Immunities Act (FSIA), the foreign state defaults, and then plaintiff files an

amended complaint, service of the new complaint is only necessary if the changes are substantial." *See Shoham v. Islamic Republic of Iran*, 922 F. Supp. 2d 44, at 47, citing *Dammarrell v. Islamic Republic of Iran*, in which Judge Bates "did not require plaintiffs to serve an amended complaint on foreign state defendants in default where the amended complaint did 'little more than provide the particularity required' that plaintiffs must 'identify a particular cause of action arising out of a specific source of law" other than the FSIA itself." *Dammarrell v. Islamic Republic of Iran*, 370 F. Supp. 2d at 255, 222. Here, Plaintiffs seek to add a claim for wrongful death damages arising under an existing cause of action, 28 U.S.C §1605A. There are no substantive changes being made with this amendment, and therefore serving the Defendants is unnecessary and will result in undue delay for the Plaintiffs.

WHEREFORE, the undersigned move this Honorable Court to enter an Order granting Plaintiffs' Motion for Leave to File a Second Amended Complaint.


**Dated: April 15, 2025**                                    **Respectfully submitted,**


                                                            *Amanda Fox Perry*
                                                            Amanda Fox Perry, Bar No. 230024
                                                            Fox McKenna PLLC
                                                            14 Ridge Square NW
                                                            Washington, DC 20016
                                                            (202) 852-2000
                                                            Amanda@foxmckenna.com
                                                            *Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 15th day of April, 2025, the foregoing was filed electronically via CM/ECF and served upon all counsel of record.

_____
Amanda Fox Perry